Filed 6/14/24  P. v. Le CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ERIK HUNG LE,<br><br>  Defendant and Appellant. | D082173<br><br><br>(Super. Ct. No. SCD212126) |


APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Reversed.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Erik Le appeals from an order denying his petition for resentencing relief under Penal Code section 1172.6.[1]  His appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 stating counsel was unable to identify any arguable issues on appeal.  Le filed a supplemental brief.

Based on our independent review of the record, we requested supplemental briefing from the parties addressing whether the matter should be remanded for an evidentiary hearing pursuant to section 1172.6, subdivision (d).  The Attorney General concedes in its supplemental brief that the trial court erred and remand is required.  We accept the Attorney General's concession and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2010, a jury convicted Le and his codefendant of first degree murder (§ 187, subd. (a); count 1), attempted premeditated murder (§§ 187, subd. (a), 189, 664; count 2), shooting from a motor vehicle (§ 12034, subd. (d); count 3), and two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 4 & 5).  The jury also found true that all counts were committed for the benefit of a street gang (§ 186.22, subd. (b)); that as to counts 1, 2, and 3, Le and his codefendant were principals in the offenses and that during their commission at least one principal used a firearm (§ 12022.53, subds. (d) & (e)); and that as to counts 3 and 4, Le's codefendant personally used a firearm (former § 12022.5, subd. (a)(1)).  Le was sentenced to 14 years plus 82 years to life.

This court affirmed the judgment in the direct appeal.  (*People v. Le* (Apr. 27, 2012, D057392) [nonpub. opn.].)

---

[1]     Further undesignated statutory references are to the Penal Code.

In July 2019, Le filed a petition for resentencing under former section 1170.95, now section 1172.6.[2] After the appointment of counsel, the submission of written briefs and arguments by the attorneys, the trial judge (Hon. Charles G. Rogers) found that Le set forth a prima facie claim for relief and issued an order to show cause. In its written decision, the court concluded that the record of conviction did not establish Le was ineligible for relief as a matter of law, since jurors at Le's trial were instructed to consider the natural and probable consequences doctrine. The court reasoned, "[I]t is probable that the jurors, or some of them, relied on natural and probable consequences liability . . . . The intended crimes were presented as separate counts, and the jurors found petitioner guilty of them as charged. These are count 3 (discharge of a firearm from a motor vehicle) and counts 4 and 5 (assault with a semi-automatic firearm). Having made that finding, all they had to do is ask if a reasonable person would have known that murder was a natural and probable consequence of either crime."

Following the order to show cause, the parties jointly requested that the trial court admit and consider a disk containing a full and complete copy of all trial record transcripts. The People then filed a return to the order to show cause, contending Le was not entitled to resentencing relief because the trial transcripts established he is guilty of murder and attempted murder beyond a reasonable doubt as a direct aider and abettor. In his reply, Le contended the trial transcripts were insufficient to establish beyond a reasonable doubt his liability as a direct aider and abettor under current law.

---

[2] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute by its current designation.

After the case was reassigned due to Judge Rogers's retirement, the trial court (Hon. Polly H. Shamoon) held a hearing on May 12, 2023 and denied the petition. At the hearing, the court explained its decision as follows:

> "After reviewing and considering the record of conviction, the Court finds that the Defendant failed to state a prima facie case for relief. In looking at the record of conviction, what's considered in that is the verdict forms were clearly—jurors heard evidence of the witnesses, however troubling counsel may find their testimony, and despite them found guilty verdicts. And the People have proved beyond a reasonable doubt that the Defendant, Le, was guilty of murder with express malice, attempted murder with express malice, shooting from a motor vehicle, assault with [a] semiautomatic firearm, and assault with a semiautomatic firearm as an aider and abettor. And as to the attempted murder, it is clear to this Court that that was done—based on all of the actions in the record of conviction that that was an express malice with regard to Mr. Le's actions."

The court also issued a written order denying the petition. The written order stated: "This being the time set for PRIMA FACIE HEARING (pursuant to PC1192.6 [*sic*] formally [*sic*] PC1170.95) . . . [¶] [¶] After considering the record of conviction the Court finds that the defendant failed to state a prima facie claim for relief. Defendant's petition for resentencing pursuant to Penal Code PC1192.6 [*sic*] formally [*sic*] PC1170.95 is DENIED."

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended the felony murder rule and the natural and probable consequences doctrine as related to murder " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to

4

human life.' " (*Ibid.*; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) "The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.)

In addition, Senate Bill No. 1437 created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, 11 Cal.5th at p. 957.)  The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775, ch. 551 (2021–2022 Reg. Sess.) § 1.)

Under these procedures, a person convicted of "murder or attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the . . . conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).)  After receipt of such petition, the trial court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).)  The court may rely on the record of conviction in determining whether a prima facie showing has been made.  (*Lewis, supra*, 11 Cal.5th at p. 971.)

Once a petitioner establishes a prima facie case for relief, the trial court issues an order to show cause and holds an evidentiary hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts.  (§ 1172.6, subd. (d)(1).)  At the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is . . . ineligible for resentencing.  If the prosecution fails to sustain its burden of proof, the

5

prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

In this case, Le established a prima facie case for relief under section 1172.6 because the record of conviction does not establish that Le is ineligible for resentencing relief as a matter of law. At Le's trial, the jury was instructed on the natural and probable consequences doctrine. "[U]nder the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also 'for any other offense that was a "natural and probable consequence" of the crime aided and abetted.'" (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.) The jury was also instructed that as to the crime of attempted murder, the "attempted murder was done willfully and with deliberation and premeditation if either the defendant or co-defendant or both of them acted with that state of mind." At the time of Le's trial, a defendant could be found guilty of premeditated attempted murder even if he or she did not personally act with willfulness, deliberation, and premeditation. (*People v. Lee* (2003) 31 Cal.4th 613, 624.) The record of conviction, therefore, does not conclusively establish the jury relied on a still-valid theory of liability when it found Le guilty of murder and attempted murder.

The Attorney General concedes that Le is not ineligible for section 1172.6 relief as a matter of law. Thus, to the extent Judge Shamoon reconsidered Judge Rogers's prior ruling and concluded that Le failed to establish a prima facie claim for resentencing relief, the Attorney General concedes this was error. The Attorney General further concedes that the

record is too ambiguous to determine whether Judge Shamoon made an alternative finding beyond a reasonable doubt that Le was guilty of murder or attempted murder under current law. The Attorney General states, "Whatever the explanation for the trial court's ruling, [Le] should get a new hearing so the court can clarify its findings and the basis for them."

We accept these concessions and remand the matter for an evidentiary hearing. We express no opinion on the outcome of that hearing.

### DISPOSITION

We reverse the order denying the petition. On remand, the trial court is directed to conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d).

DATO, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

7